UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREAT AMERICAN ASSURANCE
COMPANY,

    Plaintiff,

vs.                                                        CASE NO. 3:09-cv-77-J-32TEM

DOUGLAS ELLIOTT, MARY ANN HOOPER
and WILLIAM ROBERT ELLIOTT,

    Defendants.
_____

## O R D E R

This case comes before the Court on Great American's Motion to Strike Mary Ann Hooper's (Hooper) and Douglas Elliott's (Elliott) Claim for Attorney's Fees (Doc. #7, Motion to Strike), filed March 13, 2009, and the named Defendants' response thereto (*see* Doc. #9, Response, filed March 20, 2009).

Plaintiff's Motion to Strike requests the Court strike the Defendants' claim for attorney's fees asserted in their Answer and Affirmative Defenses (Doc. #4) filed March 6, 2009. Rule 12(f) of the Federal Rules of Civil Procedure allows a party to move to strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D. Fla. 1999). A "court will not

exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D. Fla. 1995).

Plaintiff seeks to strike Defendants' claim of attorney fees because Plaintiff alleges the Defendants are ineligible for a fee award under Fla. Stat. § 627.428 (*see generally*, Doc. #7). Section 627.428 provides that the Court may award reasonable attorney fees "against an insurer and in favor of any named or omnibus insured or the named beneficiary." Fla. Stat. § 627.428 (2009). Plaintiff contends that Defendants Elliott and Hooper are neither named or omnibus insured or the named beneficiary on the policy,[1] and thus not eligible to recover attorneys fees under Fla. Stat. § 627.428 (Doc. #7 at 3). However, the Florida Supreme Court has recognized the right to recover attorney fees in insurance cases by the estate of the insured as well as the named or omnibus insured and the named beneficiary. *Continental Casualty Co. v. Ryan, Inc.*, 974 So. 2d 368, 377 (Fla. 2008). Defendants assert in their answer that the estate of the Insured is represented by Elliott and Hooper (Doc. #9 at 5).

Florida law requires the party seeking attorney fees to plead or otherwise put the other party on notice that they are seeking fees. *Stockman v. Downs*, 573 So. 2d 835, 837-38 (Fla. 1991). Plaintiff was effectively put on notice when Defendants included their demand for reasonable attorney's fees in their Answer and Affirmative Defenses (Doc. #4 at 3). *Deitchman v. Bear Stearns Securities Corp.*, No. 07-60465-CIV, 2007 WL 4592238,

---

[1]Martha Elizabeth Elliott (Insured), deceased, is the named insured on the policy at issue (Doc #1).

at *7 (S.D. Fla. December 28, 2007) (finding that Plaintiff was put on notice of Defendant's intention to seek attorney fees when Defendant stated they would seek attorney fees in their filed answer).

Review of the relevant case law concerning the striking of pleadings convinces the undersigned that Defendants' assertion of the claim for attorney's fees is appropriate. The Court does not find this matter confuses the issues, unnecessarily prejudices a party or lacks relationship to the controversy.

Thus, upon due consideration it is hereby **ORDERED:**

Plaintiff's Motion to Strike (Doc. #7) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of June, 2009.

Copies to:
All Counsel of Record
*Pro Se* Parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge